IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

CASE NO. 16-CV-60785

ENRIQUE MADRINAN,  )
 )
    Plaintiff,  )
 )
v.  )
 )
WELLASGO, INC., d/b/a CHINATOPIA, and  )
DK CHEN, INC.,  )
 )
    Defendants.  )
 )

**COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF**

Plaintiff ENRIQUE MADRINAN ("**Plaintiff**"), pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a ("**ADA**"), the American with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 ("**ADAAG**"), Florida Americans with Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction sections 553.501–553.513, Florida Statutes, including the Florida Building Code Chapter 11 ("**FADAI**"), hereby sues Defendants WELLASGO, INC., d/b/a CHINATOPIA ("**Defendant Wellasgo**") and DK CHEN, INC. ("**Defendant DK CHEN**") (collectively "**Defendants**") for injunctive relief at a property bearing the business name "Chinatopia" located at 1824 Harrison St., Hollywood, Florida and bearing the Legal Description HOLLYWOOD 1-21 B LOT 28 BLK 39 and states:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

2. This Court also has pendant jurisdiction over all State law claims pursuant to 28 U.S.C. § 1367(a) for Plaintiff's claims under the FADAI.

3. Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Southern District of Florida, Broward County, Florida, and the subject Premises is located in Broward County, Florida.

## PARTIES

4. Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of the State of Florida.

5. Plaintiff is a qualified individual under the ADA and the FADAI because he is a disabled individual who has a physical impairment that substantially limits one or more major life activities, including but not limited to walking, standing, grabbing and grasping, and who requires a wheelchair to ambulate.

6. Plaintiff visited the property which forms the basis of this lawsuit on or about March 2016 and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant.

7. Plaintiff has encountered and has knowledge of the architectural barriers at the subject property which discriminate against him on the basis of his disability and has also endangered his safety. As a result of these barriers, Plaintiff was unable to safely access the entrance door and unable to safely access the restrooms at the subject Premises. These barriers

also prevent and deter Plaintiff from returning to the Premises to enjoy the goods and services available to the public.

8. Plaintiff is also a tester for the purposes of asserting his civil rights by monitoring, ensuring and determining whether places of public accommodation are in compliance with the ADA. Plaintiff has knowledge that the Premises which is the subject of this action contains numerous inaccessible elements which prevent and/or impede access and are a threat to his safety and that of other individuals with similar disabilities.

9. Due to Defendants' ADA violations set forth *infra*, Plaintiff was not able to, and still cannot, access significant portions of the premises or avail himself of the various amenities otherwise offered to able-bodied individuals by the Defendant. Plaintiff, a resident of South Florida, shall return to the Premises once the architectural barriers violating the ADA and the FADAI are removed. However, Plaintiff is deterred from returning as a result of the barriers to access present at the facility. Plaintiffs will be denied full access to the subject premises, as provided by the ADA, unless the injunctive relief requested herein is granted.

10. Defendant WELLASGO, INC., is a registered Florida for profit corporation which is authorized to transact and does transact business and has its main place of business in Hollywood, Broward County, Florida.

11. Defendant, WELLASGO, INC., is the owner of the registered fictitious name "Chinatopia" and upon information and belief, is the operator of the premises which is the subject of this action.

12. Defendant DK CHEN is the owner, lessor, lessee or operator of real property (and the improvements made thereon) and related facilities located at 1824 Harrison St. Hollywood, Florida 33020 (the "**Subject Premises**", "**Facility**", or "**Restaurant**").

13. Defendant DK CHEN is a Florida for profit corporation having its main place of business in Hollywood, Broward County, Florida.

14. Defendant DK CHEN is the owner and/or lessor of the Premises.

15. Records available on the Southern District of Florida ("SDFla") Pacer® and the ADA Property Listings websites, show that the subject Premises and these Defendants have been the subject of at least one (1) prior ADA lawsuit, *Karakis v Wellsago et al*; Case No. 0-08-CV-60656-WPD which was apparently resolved by a confidential settlement agreement [DE: 10, Settlement of Claim], Voluntary Dismissal [DE: 12] and over which this Court did not retain jurisdiction in its Order of Dismissal [DE: 13].

16. Despite the passage of nearly six (6) years since this prior ADA action, these same Defendants have failed to make the Premises usable by and accessible to individuals with disabilities, including the Plaintiff herein.

17. As a result of Defendants' historical failures to remove barriers to access of which they had credible and reasonable notice years ago, Defendants are intentionally violating the ADA, and thus, Defendants are intentionally discrimating against Plaintiff and all those similarly situated.

## GENERAL ALLEGATIONS

18. On July 26, 1990, Congress enacted the ADA.

19. The Congressional legislation provided commercial businesses one and a half (1 ½) years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if a place of public accommodation has ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. § 12181; 28 CFR § 36.508(a).

20. Pursuant to 42 U.S.C. § 12183, Defendants had a legal duty to be in full compliance with the ADA as of January 26, 1992 at the latest. Therefore, was required to undergo barrier removal in order to be readily accessible to and usable by individuals with disabilities to the maximum extent feasible at the time the Premises opened for business in 1993.

21. The Subject Premises is a place of public accommodation under the ADA and ADAAG and is owned, leased to or by, and operated by the Defendants, as a restaurant, which must be, but is unable to be, accessed by individuals with disabilities, including Plaintiff.

22. As a place of public accommodation, Defendants were required to remove from the Subject Premises and related facilities, architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG.

23. Additionally, upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG.

24. Accordingly, Defendants were required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises were readily accessible to and useable by individuals with disabilities such as Plaintiff.

25. Plaintiff has knowledge that the Subject Premises is in violation of the ADA and FADAI and discriminating against individuals with disabilities.

26. In or about March 2016, Plaintiff visited the Subject Premises to eat and encountered architectural barriers to access at the Restaurant which render the restaurant not readily accessible to and usable by individuals with disabilities.

27. Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendants; however, he was subjected to discrimination by Defendants on the basis of his disability due to Defendants' ADA and FADAI violations.

28. Plaintiff shall return to the Subject Premises once the barriers violating the ADA and the FADAI are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Facility.

29. Plaintiff will be denied full access to the Subject Premises, as provided by the ADA and the FADAI, unless the injunctive relief requested herein is granted.

30. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA and the FADAI by Defendants if said violations are not corrected and made compliant.

31. Plaintiff is also a tester for the purpose of asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

32. Plaintiff desires to visit the Subject Premises again, not only to eat, but to assure himself that the Subject Premises is in compliance with the ADA and the FADAI thus ensuring that individuals with disabilities, including himself, will have full and equal enjoyment of the property without fear of discrimination.

33. Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendants' violation of and non-compliance with the ADA and the FADAI because he plans on returning to the Subject Premises in the near future.

34. Defendants have discriminated and continue to discriminate against Plaintiff by denying him access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

35. Defendants are in violation of the ADA, ADAAG, and FADAI and are discriminating against Plaintiff as a result of the following violations:

## MAIN ENTRANCE

a. There is no level landing at the main entrance door.

## MEN'S RESTROOM

b. There is insufficient clearance at the pull side of the door to the men's room (which is also erroneously designated "accessible").
c. There is no fully accessible restroom at the facility.
d. The stall marked "accessible" and containing the International Symbol of Accessibility ("ISA") does not provide sufficient clearance within the footprint.
e. There is a wastebasket obstructing the required clear floor space at the side of the commode in the men's restroom. This appears to be a systemic policy violation.
f. The flush valve at the commode is placed on the wall side.

36. The discriminatory violations described herein may not be an exclusive list of Defendants' ADA and FADAI violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject Premises' ADA and FADAI violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

37. By encountering the discriminatory conditions at Defendants' facility, and knowing that it would be a futile gesture to return to the Facility unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the Subject Premises and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

38. By maintaining a place of public accommodation with ADA violations, Defendants deprive Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

39. Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff are entitled to recover pursuant to 42 U.S.C. § 12205.

40. Plaintiff demands a non-jury trial on all issues to be tried herein.

### COUNT I—CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant WELLASGO and BK CHEN for ADA Violations)

41. Plaintiff re-avers and incorporates paragraphs 1–38 as if fully set forth herein.

42. This action arises pursuant to the ADA.

43. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendants because of Defendants' existing ADA violations.

44. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

45. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

46. By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendants contribute to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

47. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to

the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff ENRIQUE MADRINAN respectfully requests this Court issue a permanent injunction enjoining Defendants from continuing its discriminatory practices, ordering Defendants to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendants to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

### COUNT II—CLAIM FOR INJUNCTIVE RELIEF
**(Against Defendants WELLASGO and BK CHEN for FADAI Violations)**

48. Plaintiff re-avers and incorporates paragraphs 1–38 as if fully set forth herein.

49. This an action for injunctive relief pursuant to FADAI.

50. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendants because of Defendants' existing FADAI violations.

51. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Facility without the relief demanded herein pursuant to the FADAI.

52. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Facility.

53. By continuing to operate the Subject Premises with discriminatory conditions in violation of the FADAI, Defendants contribute to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

54. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the FADAI, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff ENRIQUE MADRINAN respectfully requests this Court issue a permanent injunction enjoining Defendants from continuing its discriminatory practices, ordering Defendants to alter the Subject Premises as appropriate to comply with the FADAI, ordering Defendants to maintain accessible features at the premises, awarding the reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 8th day of April, 2016.

                                              Respectfully submitted,

By: /s/ Rafael Viego III
    Rafael Viego III, Esq.
    Florida Bar. No. 60967
    Mario E. Lopez, Esq.
    Florida Bar No. 98061
    **JOMARRON | LOPEZ**
    *Counsel for Plaintiffs*
    4300 Biscayne Boulevard, Suite 305
    Miami, Florida 33137
    Telephone:    (305) 717-7530
    Facsimile:    (305) 717-7539
    E-mail:    mlopez@jltrial.com
    E-mail:    rviego@jltrial.com
    E-mail:    eservice@jltrial.com